UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIS PERALTA,

                   Plaintiff,

     - against -

CITY OF NEW YORK, ET AL.,

               Defendants.

19-cv-7565 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Elvis Peralta, brought this action against the defendants, the City of New York and several New York City police officers, alleging that the defendants violated the plaintiff's state and federal rights by wrongfully detaining and arresting him in his girlfriend's apartment on July 13, 2017. The defendants now move for summary judgment, arguing that the plaintiff's claims are barred by two general releases of liability that the plaintiff executed relating to separate state law claims against the defendants. For the following reasons, the defendants' motion for summary judgment is **denied**.

I.

    The following facts are undisputed unless otherwise noted.

    On November 2, 2012, the plaintiff sued the City of New York (the "City"), the New York City Fire Department ("FDNY"), and Eric Serrano, an FDNY employee, in the New York State Supreme Court, Bronx County, bringing claims relating to a motor vehicle accident that occurred on January 26, 2012. Arko Decl., Ex. A,

1

ECF No. 67-1. On November 29, 2017, the parties settled the
plaintiff's claims arising from the January 2012 accident, and
the plaintiff signed a general release. Id., Ex. B, ECF No. 67-2
("2017 Release"). Pursuant to the 2017 Release, the plaintiff
received $70,000 in consideration for a release of liability,
styled as a "General Release," against the City and its employees
and representatives. Id., Exs. B, C.

On November 19, 2014, the plaintiff filed a second complaint
in the New York State Supreme Court, Bronx County, against the
City and several New York City police officers relating to an
allegedly unlawful arrest of the plaintiff on November 1, 2013.
Id., Ex. D, ECF No. 67-4. On July 12, 2018, the parties settled
the plaintiff's claims arising from the November 1, 2013
incident, and the plaintiff signed another general release. Id.,
Ex. E, ECF No. 67-5 ("2018 Release"). Pursuant to the 2018
Release, the plaintiff received $250,000 in consideration for a
release of liability, again styled as a "General Release,"
against the City and its employees and representatives. Id., Ex.
F.

The terms of the 2017 and 2018 Releases are materially
identical. The 2017 Release states in relevant part that:

> **Elvis Peralta**, the plaintiff in the action entitled **Elvis
> Peralta v. The City of N.Y., the N.Y.C. Fire Dept. & Eric
> Serrano, Supreme** Court, **Bronx** County Index #**308882/12**,
> being over the age of eighteen (18) years and residing at
> **1076 Intervale Ave., Apt. 1, Bronx, NY 10459**, as
> "RELEASOR," in consideration of the payment of **Seventy**

**Thousand xx/100** Dollars **($70,000.00)**, receipt whereof is hereby acknowledged, does hereby release and forever discharge the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any above-stated matter, cause, or thing whatsoever that occurred through the date of this RELEASE, except as indicated below, if applicable.

2017 Release at 1.

Both releases include a section entitled **"EXCLUSIONS,"** providing that "this RELEASE does not apply to the following matters" and a space to list both filed and unfiled matters. 2017 Release at 1; 2018 Release at 1. The plaintiff did not list any matters to exclude in these sections. 2017 Release at 1; 2018 Release at 1. The releases also state that **"THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT."** 2017 Release at 2; 2018 Release at 2.

On August 13, 2019, the plaintiff filed the complaint in this case. ECF No. 1. On April 27, 2020, the plaintiff filed an amended complaint. First Am. Compl., ECF No. 20 ("Complaint"). In the Complaint, the plaintiff alleges that the defendants violated

his federal constitutional rights and state law by wrongfully detaining and arresting him. See id. ¶ 1-2.

The plaintiff alleges that at approximately 6 A.M. on July 13, 2017, the defendants entered the apartment of Gabriela Pesantes, the plaintiff's significant other, where the plaintiff was sleeping, without probable cause or a proper warrant. Id. ¶ 19-21. The officers allegedly placed the plaintiff in handcuffs "in an excessively tight fashion" and searched the apartment. Id. ¶¶ 29, 34. The search resulted in the discovery of two oxycodone pills, which the plaintiff alleges were procured lawfully via a valid medical prescription for Pesantes. Id. ¶ 39. The complaint then alleges that the defendants arrested the plaintiff and charged him with one count of Criminal Possession of a Controlled Substance in the Seventh Degree. Id. ¶¶ 42, 50. The plaintiff alleges violation of his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, and several New York State laws. Id. ¶ 90-219.

On May 22, 2020, the defendants filed a motion to dismiss the plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 26. In an Order dated March 11, 2021, this Court granted in part and denied in part the defendants' motion to dismiss. ECF No. 35. The defendants now move for summary judgment pursuant to Federal Rule of Civil

Procedure 56 based on the existence of the general releases. ECF No. 66.

## II.

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then the issue is in dispute and summary judgment is not warranted. Id. The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact" such that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding such a motion, the court may consider both the cited materials and other materials in the record. Fed. R. Civ. P. 56(c)(3).[1]

## III.

The defendants' principal argument is that the 2017 and 2018 Releases bar the plaintiff's claims in this case. The plaintiff responds that the defendants waived this affirmative defense by failing to raise it in their motion to dismiss or in their

---

[1]Unless otherwise indicated, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and quotation marks in quoted text.

answer. <u>See</u> Pl.'s Opp., ECF No. 75, at 4. However,
"[n]otwithstanding a defendant's failure to timely plead [an
affirmative defense], a district court may still entertain
affirmative defenses at the summary judgment stage in the absence
of undue prejudice to the plaintiff, bad faith or dilatory motive
on the part of the defendant, futility, or undue delay of the
proceedings." <u>Saks v. Franklin Covey Co.</u>, 316 F.3d 337, 350 (2d
Cir. 2003). Here, there is no indication of bad faith, or that
the defendants had a dilatory motive in failing to present their
defense based on the releases in a timely fashion. The plaintiff
has also not argued that there was an impermissible motive.

Allowing the defendants to assert the defense would also not
result in undue prejudice to Peralta. In determining what
constitutes "prejudice," factors to consider are whether the
assertion of the defense would "(i) require the opponent to
expend significant additional resources to conduct discovery and
prepare for trial; (ii) significantly delay the resolution of the
dispute; or (iii) prevent the plaintiff from bringing a timely
action in another jurisdiction." <u>Monahan v. N.Y.C. Dep't of
Corr.</u>, 214 F.3d 275, 284 (2d Cir. 2000). The Court of Appeals for
the Second Circuit has been "most hesitant to allow amendment
where doing so unfairly surprises the non-movant and impedes the
fair prosecution of the claim." <u>Id.</u>

None of these conditions are present here. The plaintiff knew he had signed two previous releases. He was represented by counsel when he did so. Therefore, in filing this motion the defense presented no new information that may have unfairly surprised the plaintiff or impeded the fair prosecution of his claims. See Block v. First Blood Assocs., 988 F.2d 344, 350-51 (2d Cir. 1993) (permitting defendants to assert an affirmative defense in their motion for summary judgment four years after the complaint was filed because the plaintiffs had knowledge of the facts giving rise to the defense); Arko Decl., Exs. C, F, ECF Nos. 67-3, 67-6. Accordingly, the defendants' affirmative defense may be entertained.

### IV.

However, because the language of the releases is ambiguous, the defendants are not entitled to summary judgment based on the releases. "[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002). Under New York law, "[w]hether or not a [contract] is ambiguous is a question of law to be resolved by the courts." Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015).[2]

---

[2] The parties' briefs assume that New York law applies to this claim, and "such implied consent is sufficient to establish choice of law." Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

"[A]mbiguity is determined by looking within the four corners of the document, without reference to extrinsic evidence." Chapman v. N.Y.S. Div. for Youth, 546 F.3d 230, 236 (2d Cir. 2008). The language of a contract is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000). Contract language is ambiguous when it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Id.

The parties disagree about the scope of the 2017 and 2018 Releases. The releases provide that Elvis Peralta, as the plaintiff in the actions pertaining to the January 26, 2012 and November 1, 2013 incidents, in return for consideration, released the City of New York and various other entities and individuals from claims that the plaintiff "had, now has, or . . . can, shall, or may have . . . for, upon, or by reason of any above-stated matter, cause, or thing whatsoever that occurred through the date of [the] RELEASE, except as indicated below, if applicable." 2017 Release; 2018 Release. The defendants have moved for summary judgment on the grounds that the releases are

8

all-inclusive for claims arising before the dates of the releases and therefore bar this action, which occurred on July 13, 2017, before the 2017 and 2018 Releases were signed.

However, it cannot be concluded that the contracts are unambiguous on their face. On the one hand, the defendants' reading of the clause is reasonable if "above-stated" applies only to "matter," and not also to "cause" or "thing." When "above-stated" modifies only "matter," the releases bar claims arising from the January 26, 2012 or November 1, 2013 incidents, as well as claims arising from "cause[s] or thing[s]" that occurred prior to the date of the release. On the other hand, the plaintiff's reading of the clause is reasonable if "above-stated" modifies not only "matter," but also "cause" and "thing." Under this reading, the releases would bar only claims related to the January 26, 2012 and November 1, 2013 incidents referenced in the releases. Under the plaintiff's reading of the releases, the plaintiff's failure to list any claims in the exclusion sections simply means that the releases barred all claims arising from the January 26, 2012 and November 1, 2013 incidents respectively.

This Court came to the same conclusion in Edwards v. City of New York, where the plaintiff signed a release agreement with materially identical language. See No. 18-cv-8282, 2020 WL 5503538, at *3 (S.D.N.Y. Sept. 11, 2020). In that case, this Court denied the defendants' motion for judgment on the pleadings

9

on the ground that the contractual language of the release was ambiguous. Id. at *4; see also McKinley v. Crevatas, No. 20-cv-3606, 2022 WL 2066195, at *6 (S.D.N.Y. June 8, 2022) (finding a similarly worded release to be ambiguous).

The defendants point out that other courts in this Circuit have found that similar releases unambiguously cover all claims arising from causes, matters, or things that occurred prior to the signing of the release. See Braxton v. City of New York, No. 17-cv-199, 2021 WL 7287625, at *5-6 (S.D.N.Y. Dec. 7, 2021), report and recommendation adopted, 2022 WL 443816 (S.D.N.Y. Feb. 14, 2022); Reynolds v. Nazim, No. 18-cv-2771, 2021 WL 950054, at *2 (E.D.N.Y. Mar. 12, 2021). However, the releases at issue in those decisions either do not address the term "above-stated," or do not include the term "above-stated" at all. This term is precisely that which the Court has determined to be ambiguous. Therefore, the decisions cited by the defendants do not alter the Court's conclusion here. The inclusion of the term "above-stated" renders the language of the release ambiguous.

The defendants urge the court to reconsider its reasoning in Edwards on the grounds that the Court ignored the meaning of the words "any" and "whatsoever" as stated in the general releases. See Defs.' Memo., ECF No. 69, at 10. However, the inclusion of the terms "any" and "whatsoever" does not resolve the ambiguity created by the term "above-stated." It is reasonable to interpret

the sentence as barring any claim whatsoever arising from the January 26, 2012 or November 1, 2013 incidents referenced in the releases.

Moreover, while each release is entitled "General Release" and includes general language, courts in New York have repeatedly found that general language alone does not conclusively demonstrate a general release. See Mangini v. McClurg, 249 N.E.2d 386, 390 (N.Y. 1969) (collecting cases). "A release may contain specific recitals as to the claims being released, and yet conclude with an omnibus clause" that "releases and discharges all claims and demands whatsoever which [the releasor] . . . [has] or may have against the releasee." Green v. Lake Placid 1980 Olympic Games, Inc., 538 N.Y.S.2d 82, 84 (App. Div. 1989). In these instances, courts have "held that the general words of a release are limited by the recital of a particular claim, where there is nothing on the face of the instrument, other than general words of release, indicating that matters other than those specifically referred to were intended to be discharged." Id. The releases at issue in this case specifically refer to the respective lawsuits being settled, and there is nothing on the face of the releases other than general words of release that would indicate a broader scope. The releases' intended scope is therefore ambiguous.

When analyzing a contract, it is not the role of the Court to resolve ambiguous contract language. "Where the intent of the parties is too ambiguous to be gleaned from the contract alone, the Court should receive evidence that might better clarify that intent." DKR Cap., Inc. v. AIG Int'l West Broadway Fund, Ltd., No. 03-cv-1568, 2003 WL 22283836, at *4 (S.D.N.Y. Oct. 2, 2003). Because evidence from outside the four corners of the releases is required to ascertain the parties' intent, the defendants' motion for summary judgment is **denied.**

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion for summary judgment is **denied.** The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:     New York, New York
           December 21, 2022

                           John G. Koeltl
                  United States District Judge